## GUIONNET v. SPECHT.

(Circuit Court of Appeals, Third Circuit. February 23, 1924.)

No. 3045.

**Brokers ⬤⟺52—Broker held not entitled to commission under contract.**

An agreement by which defendant promised, "in the event of the consummation of a contract" for the sale of coal, to pay plaintiff a commission of 50 cents per ton "out of the proceeds realized by me from the sale of the coal covered by any such contract, as received," *held* not to create a liability, where not only was there no coal delivered, but no valid contract of sale was consummated.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action at law by Victor Guionnet against Charles E. Specht. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 297 Fed. 864. See, also, 297 Fed. 858, 862, 872.

Donald Thompson, of Pittsburgh, Pa., George Link, Jr., and McKercher & Link, all of New York City, and Calvert, Thompson & Wilson, of Pittsburgh, Pa., for plaintiff in error.

John M. Freeman, of Pittsburgh, Pa., Percy Allen Rose, of Johnstown, Pa., and H. F. Stambaugh and Watson & Freeman, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiff, acting as agent for Framerican Industrial Development Corporation, a corporation of New York, which in turn was the agent of Schneider & Co. of La Creusot, France, was negotiating with the defendant for the purchase of large quantities of coal. The negotiations extended to two proposed purchases, one which culminated in the agreement of September 11, 1920, between Framerican Industrial Development Corporation and the defendant for the purchase and sale of 500,000 tons, later sued upon and construed in an action between these parties reported at 297 Fed. 858, 862; and the other culminating in an option given by the defendant to the Framerican Industrial Development Corporation for the purchase of 240,000 tons. Pending these negotiations, the defendant entered into a contract with the plaintiff agreeing—

"that in the event of the consummation of that contract (the one for 500,000 tons) or the present consummation of any contract with the said company on other pools of coal, to pay to you *out of the proceeds realized by me from the sale of the coal covered by any such contract, as received*, the sum of fifty ($.50) cents per net ton. And further, I agree that if at any time in the future other contracts for coal are entered into between me and the said Company, and you still represent the same in your present capacity, that you shall likewise receive the same commission per ton on all coal delivered under said contract, on the same terms."

On this promise the plaintiff sued the defendant for commissions. But the trouble is that the agreement between the defendant and the

Framerican Industrial Development Corporation for the larger quantity of coal was not completed and the option between the same parties for the smaller quantity was not taken up, and no coal under these or other agreements was sold by the defendant to the Framerican Industrial Development Corporation or moneys received by the defendant from that corporation. It follows that on the defendant's promise the plaintiff has no cause of action for commissions.

Upon the construction we have given these writings, as well as upon the reasoning in the opinion of the learned trial judge (297 Fed. 864) we sustain the judgment which, on demurrer, the District Court entered for the defendant.

BUFFINGTON, Circuit Judge, took no part in the consideration or decision of this case.